IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL #58 and ILLINOIS STATE PAINTERS WELFARE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> PLANT MAINTENANCE SERVICES, LLC, <br><br> Defendant. | Case No. 3:24-CV-00697-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion to Dismiss Defendant's Counterclaim (Doc. 23) filed by Plaintiffs Painters District Council #58 and Illinois State Painters Welfare Fund. Having been fully informed of the issues presented, the Plaintiffs' Motion to Dismiss Defendant Plant Maintenance Services, LLC's Counterclaim is **DENIED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Painters District Council #58 (the "Union") and Illinois State Painters Welfare Fund (the "Fund") are a labor organization and an employee welfare benefit plan, respectively. (*See* Doc. 1, ¶¶ 1, 3). They bring the instant case pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The Complaint in this case was filed on March 8, 2024; the Plaintiffs each seek damages from Defendant Plant Maintenance Services, Inc. ("PMS") for audit liability, liquidated damages, pre-judgment interest, audit costs, post-judgment interest, and

attorneys' fees and costs. (*See* Doc. 1, ¶¶ 27, 41). The Plaintiffs filed the instant Motion on May 29, 2024. (*See* Doc. 23). PMS responded in opposition on June 20, 2024. (*See* Doc. 27).

## APPLICABLE LAW AND LEGAL STANDARDS

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'[p]lausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the

complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

Section 403(c)(2)(A)(ii) of ERISA provides:

> If such contribution or payment is made by an employer to a multiemployer plan by a mistake of fact or law (other than a mistake relating to whether the plan is described in section 401(a) of title 26 or the trust which is part of such plan is exempt from taxation under section 501(a) of title 26), paragraph (1) shall not prohibit the return of such contribution or payment to the employer within 6 months after the plan administrator determines that the contribution was made by such a mistake.

29 U.S.C. § 1103(c)(2)(A)(ii). Defendant PMS alleges that "the auditor found PMS made overpayments to the Painters District #58 Fringe Benefit Funds in the amount of $132,577.51" and "[t]o date, the Funds have not given PMS any credit for these overpayments, nor refunded PMS for these overpayments." (Doc. 19, p. 7). Because of this, PMS argues that "PMS is entitled to either a credit from the Funds for its overpayment or a refund of its overpayments from the Funds." (*Id.*, p. 8).

In their Motion, the Plaintiffs argue that "ERISA clearly does not require the Funds to automatically refund overpaid contributions" because "Section 403(c)(2)(A)(ii) merely allows the Funds to do so when the Funds determine a refund to be appropriate." (Doc. 24, p. 3). They argue that "[f]ederal law clearly requires the Defendant to monitor its contribution payments (and overpayments) and to timely request a refund when appropriate, not the Funds. Defendant's attempt to shift the responsibility results in a counterclaim which is not cognizable, and therefore must be dismissed." (*Id.*, p. 4). They cite (but do not discuss) the Seventh Circuit's four-

factor equitable test for restitution from *UIU Severance Pay Trust Fund v. Local Union No. 18-U, United Steel Workers of America*, 998 F.2d 509, 513 (7th Cir. 1993). (*See* Doc. 24, p. 3 (citations omitted)).

In response, PMS argues that "Plaintiffs seem to argue that because they have not yet determined that Defendant is entitled to restitution, Defendant is somehow barred from even asserting its valid counterclaim." (Doc. 27, p. 3). PMS argues that it "has satisfied its burden of proof by plausibly alleging that overpayments were made by Defendant in September of 2019 in the amount of $132,577.51 and that these payments were made due to a mistaken belief that the payments were not previously made." (*Id.*, p. 4 (citing Doc. 19, p. 7; *Sequoia Elec., LLC v. Trs. of the Laborers Joint Tr. Fund*, No. 2:12-cv-00751, 2013 U.S. Dist. LEXIS 11834, at *6–7 (D. Nev. Jan. 28, 2023))). PMS also argues that "[w]hether Defendant's claims meet the four-factor equitable test for restitution is premature and not appropriate at the motion to dismiss stage." (*See id.* (citing *Bd. Of Trs. v. Master-Tech Refrigeration Serv.*, No. 10-c-2246, 2010 U.S. Dist. LEXIS 129627, at *13–14 (N.D. Ill. Dec. 8, 2010))).

As the district court noted in *Master-Tech*, "requiring Master–Tech to formally request a refund at the administrative level from the very Trustees who initiated this litigation against Master–Tech for unpaid contributions would be futile. We note that other courts have reached the same conclusion under similar circumstances." *Master-Tech*, 2010 WL 5110210, at *4 (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Grosbeck*, No. 99 C 1447, 2000 WL 246249, at *2 (N.D. Ill. Feb 24, 2000); *Cent. States, Se. & Sw. Ares Pension Fund v. Hoosier Dairy, Inc.*, No. 09 C 3795, 1990 WL 205861, at *3 (N.D. Ill. Dec. 7, 1990); *Alvan Motor Freight, Inc. v. Trs. of Cent. States, Se. &*

*Sw. Areas Pension Fund*, Nos. 5 C 125, 06 C 809, 2007 WL 6942283, at *3 (W.D. Mich. Dec.19, 2007)).

This Court agrees that it would be senseless to require PMS to seek a credit or refund of its overpayments from the Plaintiffs at this point. This indicates that there must exist some form of remedy here. The Sixth Circuit found that "the statute imposes no requirement on the trustees to return mistaken contributions. To impose such a requirement by implication would violate the underlying statutory scheme. ERISA's primary purpose is to protect the integrity of the pension funds for the benefit of employees and their beneficiaries." *Whitworth Bros. Storage Co. v. Cent. States, Se. & Sw. Areas Pension Fund*, 794 F.2d 221, 231 (6th Cir. 1986). At this stage, the issue comes down to whether *Central States, Southeast and Southwest Areas Pension Fund v. Blue Sky Heavy Hauling, Inc.*, No. 08-CV-3338, 2011 WL 2142816 (N.D. Ill. May 31, 2011) or *UIU Severance Pay Trust Fund v. Local Union No. 18-U, United Steelworkers of America*, 998 F.2d 509 (7th Cir. 1993) applies to the instant dispute—namely, whether there exists a cause of action to permit an employer to seek overpayments from a pension fund. (*See* Doc. 24, pp. 3–4; Doc. 27, pp. 4–5). The Plaintiffs argue that PMS cannot assert a cause of action under § 403(c)(2)(A)(ii) and PMS argues that it can seek a refund. (*See* Doc. 24, pp. 3–4; Doc. 27, pp. 4–5).

The Court does not read PMS's counterclaim as seeking to shift the burden to the Funds to *automatically* refund the mistaken overpayments. (*See* Doc. 24, p. 3). Even though it is inarguable that PMS passed the six-month window stated in § 403(c)(2)(A)(ii), like in *Master-Tech*, the Court "reject[s] plaintiffs' argument that Master–Tech's violation of the six-month statutory limitation for refunds set forth in

§ 403(c)(2)(A)(ii) requires dismissal of the counterclaim." *Id.* at *4. The Seventh Circuit was clear that "ERISA permits plan trustees to return to employers payments made to a plan which are the result of a mistake of law or fact, 29 U.S.C. § 1103(c)(2)(A)(i) & (ii), but it does not establish a cause of action by which employers may seek to *compel* such a refund." *UIU Severance Pay Trust Fund*, 998 F.2d at 512–13. Moreover, "[a]bsent a judicially-crafted cause of action, employers are left to the mercy of plan trustees who have no financial incentive to return mistaken payments. Employers are already penalized for failing to make required contributions." *Id.* at 513. The Seventh Circuit thus established a "federal common law cause of action . . . to 'effectuate the statutory pattern enacted in the large by Congress.'" *Id.* at 512 n.10 (quoting *Plucinski v. I.A.M. Nat'l Pen. Fund*, 875 F.2d 1052, 1056 (3d Cir. 1989)).

Additionally, the Court notes that it is clear that consideration of the four-factor equitable test for restitution from *UIU Severance Pay Trust Fund* is premature at this stage. *See Master-Tech*, 2010 WL 5110210, at *5 ("[P]laintiffs' application of the equitable test for restitution is premature. We note, as did Master–Tech, that in answering those questions, plaintiffs rely on factual allegations not contained within the pleadings before this Court. Further, the purpose of a motion to dismiss is not to decide the merits of the challenged claims, but to test their sufficiency under the law. Plaintiffs' analysis is better left for a dispositive motion on the merits, assuming such a motion could be properly brought consistent with Rule 56's requirement that there be no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." (footnote omitted) (citing *Thompson v. Ill. Dept. of Prof'l Regul.*, 300 F.3d 750, 753 (7th Cir. 2002) (noting that generally the "consideration of a 12(b)(6)

motion is restricted solely to the pleadings"); *Grosbeck*, 2000 WL 246249, at *2; *Gibson*, 910 F.2d at 1520; *Kraft Foods, Inc. Supplemental Benefits Plan I v. Woods*, No. 98 C 7794, 1999 WL 1069247 (N.D. Ill. Nov. 19, 1999))).

Therefore, the Court holds that, while § 403(c)(2)(A)(ii) does not establish a cause of action for restitution of overpayments, PMS has stated a claim under federal common law. *See UIU Severance Pay Trust Fund* at 512 ("The Union, however, does not ask us to imply a 'new' cause of action under ERISA but simply urges us to fill in ERISA's interstices with federal common law. And we find that the Union may seek recovery of the disputed sum as a matter of federal common law." (footnote omitted)). The burden will be on PMS to prove that their restitution claim comports with the four factors discussed by the Seventh Circuit. *See id.* at 513 ("Although no complete catalog of such factors is possible, we note that the district court will likely have to consider the following on remand: (1) are unauthorized contributions the sort of mistaken payments that equity demands be refunded? (2) has the Union delayed bringing this action for so long that laches, or some other equitable defense, bars recovery? (3) in the same vein, has the Union, by continuing the payments for years without apparent question, somehow ratified past payments? and (4) since the Fund has agreed that it is not entitled to keep the disputed amount in any event, can the Union demonstrate that the party from whom it seeks payment would be unjustly enriched if recovery were denied?" (footnote omitted)).

## CONCLUSION

For the reasons set forth above, Plaintiffs Painters District Council #58 and Illinois State Painters Welfare Fund's Motion to Dismiss Defendant Plant Maintenance Services, LLC's Counterclaim (Doc. 23) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 2, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
